Appellant John Lenegar sold a $50 bag of crack cocaine to an informant working with the Vinton County Sheriff's Department. This transaction resulted in appellant's conviction for fifth-degree felony drug trafficking. The trial court sentenced appellant to the maximum term of twelve months imprisonment without explaining its reasons for imposing the maximum sentence. Appellant challenges the guilty verdict and the trial court's imposition of the maximum prison term. We affirm the guilty verdict, but vacate appellant's sentence because the court failed to adequately state its reasons for imposing the maximum prison term.
 I.
Appellant presents three assignments of error:
 I. "THE TRIAL COURT DECISION TO CONVICT THE APPELLANT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."
 II. "THE ALLEGED PURCHASE WAS CONTRARY TO R.C. 3719.141 AND HENCE WAS A VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS."
 III. "THE TRIAL COURT SENTENCE IS CONTRARY TO R.C. SECTION 2929.14 AND 2929.19(B)."
In June 1997, Teresa Reed contacted the Vinton County Sheriff's Department and volunteered to act as an informant by purchasing drugs from appellant. The Sheriff's Department accepted Reed's offer and summoned her to the station. Reed's history of using crack apparently was known to members of the Sheriff's Department.
Before sending Reed to purchase drugs from appellant, Deputy Carolyn Brown searched Reed's person. Brown emptied Reed's pockets and conducted a pat-down search. The search revealed nothing in Reed's possession. Brown also searched Reed's car and found nothing inside. Satisfied that nothing was in Reed's possession, Brown and Deputy Rodney Hamilton gave Reed $50 in cash to purchase drugs from appellant.
Following the searches and Reed's receipt of the cash, Reed and Brown drove to appellant's home in Hamden. While Brown waited in the car, Reed knocked on appellant's door and went inside the home. Reed told appellant she had $50 and asked if he had any drugs to sell. With little conversation or negotiation, appellant handed Reed a bag containing less than one gram of crack cocaine. Reed handed to appellant the $50 that Deputies Brown and Hamilton had given to her. Following the purchase, Reed returned to her car and handed Brown the bag she had bought from appellant. Reed was in appellant's home for approximately five minutes.
The Vinton County Grand Jury indicted appellant for one count of selling a controlled substance, in violation of R.C.2925.03(A). Appellant pleaded not guilty and waived his right to a jury trial. At trial, Reed testified for the prosecution. Reed admitted her history of abusing crack and having smoked crack with appellant in the past. During extensive cross-examination by the defense, however, Reed insisted that she had not used crack since several months prior to appellant's arrest. As its only witness, the defense presented Michael Webb, a cousin of Reed's ex-husband. The defense tried to impeach Reed with Webb's testimony concerning Reed's reputation in the community for untruthfulness. Webb could not say, however, whether Reed had a reputation in the community for being an untruthful person.
The trial court found appellant guilty of drug trafficking, a fifth-degree felony. In its judgment entry, the court listed five specific findings of fact supporting its verdict:
"1. The element of venue was firmly established.
 "2. Deputy Carolyn Brown sufficiently searched Theresa Reed, the person who made the controlled purchase, prior to Theresa Reed entering the residence of John Lenegar to make the controlled purchase.
"3. Theresa Reed was a credible witness.
 "4. Concerning the crack cocaine, the chain of evidence was properly established.
 "5. Michael Webb did not have personal knowledge concerning trustworthiness of Theresa Reed."
The trial court referred the matter for a pre-sentence investigation. At appellant's sentencing hearing, the prosecution relied upon the pre-sentence investigation and recommended a prison term "anywhere from 6 months to 12 months." The prosecutor made no specific reference to any prior offenses appellant had committed. Appellant's counsel agreed that "we think the PSI speaks for itself," but requested that the trial court impose community control sanctions, rather than imprisonment. The defense contended that appellant did not pose a likelihood of recidivism, arguing that appellant's last "drug related offense" was in 1989. Defense counsel also argued that appellant's "drug addiction" was a disease and that counseling and community sanctions would therefore be more appropriate than prison. After hearing from counsel, the trial court imposed a sentence of twelve months imprisonment, the maximum term for a fifth-degree felony. The trial court gave no reasons at the sentencing hearing for imposing the maximum term. In its sentencing entry, however, the court stated in part:
 "For reasons stated on the record, and after considering the factors under [R.C. 2929.12], the Court also finds that a community control sanction is inconsistent with the purposes and principles of sentencing in [R.C. 2929.11.]
 "The Court finds for the reasons stated on the record pursuant to [R.C. 2929.14(C)] that the Defendant poses the greatest likelihood of recidivism.
 "IT IS THEREFORE ORDERED that the Defendant serve a stated prison term of twelve (12) months in prison."
Following the court's sentencing entry, appellant commenced this appeal.
 I.
The first assignment of error argues that the trial court's guilty verdict was against the manifest weight of the evidence and that appellant's conviction should therefore be reversed. We disagree.
A reviewing court will not overturn a conviction where there exists substantial evidence upon which the trier of fact could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, paragraph two of syllabus. In determining whether a conviction is against the manifest weight of the evidence, we must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." State v. Stepp (1997),117 Ohio App.3d 561, 567; State v. Miller (1995), 105 Ohio App.3d 679,688. Our review, however, is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of syllabus; see, also, State v.Garrow (1995), 103 Ohio App.3d 368, 371.
Appellant's argument for reversal focuses on the credibility of Reed as a drug informant.[1] Appellant emphasizes that Reed was an admitted crack addict and that the sheriff's department did not have sufficient knowledge of her credibility. Finally, appellant argues that Deputy Brown conducted only a "frisk" search of appellant prior to her controlled drug purchase from appellant. With no eyewitnesses to Reed's drug buy, appellant implies that Reed could have possessed the crack prior to entering the house. Therefore, appellant argues that he was improperly convicted for selling crack to Reed.
According to Reed's testimony, she asked appellant if he had any drugs to sell for $50 and that appellant gave her a bag of crack. Moreover, Deputy Brown testified that her search of Reed revealed nothing in Reed's possession. Further, Brown testified that the frisk search she conducted prior to the drug purchase would have revealed a small piece of crack such as the one Reed said she purchased from appellant. The trial court expressly found Reed to be credible and found that the defense's lone witness had no knowledge of Reed's reputation for truthfulness. The trial court clearly believed Brown's testimony that her search of Reed was sufficient to have found any contraband Reed was attempting to conceal. This finding leads to the inference that Reed purchased crack from appellant and gave the very same crack to Brown following her return from appellant's house. Credibility and weight of the evidence are primarily questions for the trier of fact. Garrow, 103 Ohio App.3d at 371. We find nothing in the record that would lead us to conclude that the trial court's assessment of weight and credibility of the evidence has led to a manifest miscarriage of justice. The evidence at trial and reasonable inferences therefrom provide substantial basis for finding appellant guilty of drug trafficking. We therefore overrule appellant's first assignment of error.
 II.
Appellant's second assignment of error challenges Reed's controlled purchase of drugs from appellant as a violation of R.C. 3719.141(A).[2] According to appellant, prior approval of the prosecuting attorney and a "written internal control policy" was necessary before Reed could properly make the controlled purchase from appellant in conjunction with the Vinton County Sheriff's Department. Appellant's argument fails because R.C.3719.141(A) is inapplicable to this case.
R.C. 3719.14 expressly allows law enforcement officials topurchase controlled substances when the purchase is "necessary to do so in the performance of the official's official duties." R.C. 3719.14(B). While allowing law enforcement officials to purchase drugs, R.C. 3719.14(B) prohibits a law enforcement officer from selling a controlled substance, except to the extent allowed by R.C. 3719.141. Id. In turn, R.C. 3719.141(A) provides a litany of procedural mechanisms that law enforcement officials must satisfy before they may sell a controlled substance in the performance of official duties. Appellant argues that the sheriff's department failed to satisfy at least two of these prerequisites and that his conviction is therefore invalid.
To determine whether R.C. 3719.141 applies to Reed's purchase of drugs from appellant, we must analyze the statute. In examining statutory language, we must read words and phrases in context, giving words their common, ordinary and accepted meaning unless the legislature has clearly expressed a contrary intention. Kunkler v. Goodyear Tire Rubber Co. (1988),36 Ohio St.3d 135, 137; State v. Singer (1977), 50 Ohio St.2d 103,108. We cannot interpret the plain language of a statute to mean something it does not say. State v. Hix (1988), 38 Ohio St.3d 129,131. "[I]t is the duty of the court to give effect to the words used, not to delete words used or insert words not used." Cline v. Bur. of Motor Vehicles (1991), 61 Ohio St.3d 93,97.
The plain statutory language convincingly demonstrates that R.C. 3719.141 does not apply to this case. R.C. 3719.141
applies only when law enforcement officials "sell" drugs in the performance of their official duties. The Vinton County Sheriff's Department did not arrange to "sell" a controlled substance to appellant. The sheriff's department did quite the opposite. Through an informant, the sheriff's department arranged a controlled purchase of drugs. R.C. 3719.141
expressly applies only when a law enforcement official sells a controlled substance. Conversely, R.C. 3719.14(B) allows law enforcement to "purchase" drugs without satisfying the procedural requirements of R.C. 3719.141.
Rather than recognize the difference between the act of "purchasing" and the act of "selling," appellant refers us to R.C. 3719.01, which defines several terms used throughout Chapter 3719. of the Revised Code. Appellant notes that the word "sale" is defined as any "delivery, barter, exchange, transfer, or gift, or offer thereof, and each transaction of those natures made by any person * * *." R.C. 3719.01(CC). Thus, appellant argues that R.C. 3719.141 applies because the transaction between Reed and appellant constituted a "sale."
Appellant's focus on the word "sale" is misplaced. The fact that a "sale" took place in the case sub judice does not trigger R.C. 3719.141. Every "sale" involving a purchase of goods consists of a seller and a buyer. See, generally, Black's Law Dictionary (6 Ed. 1990) 1337 ("sale" represents a transaction between a "seller" and a "buyer"). To trigger application of R.C. 3719.141, law enforcement must be the party selling the controlled substance, not the party buying it. In this case, appellant was the seller and the sheriff's department, aided by Reed, was the buyer, rendering R.C.3719.141 inapplicable. Appellant's proposal that R.C. 3719.141
applies to any "sale" of controlled substances by a law enforcement official, regardless of whether the official is a "buyer" or a "seller," belies the statutory language. Appellant's proposed construction asks us to interpret R.C.3719.141 to mean something it does not say. We decline to do so. Hix, supra. Appellant's second assignment of error is not well-taken and therefore overruled.
 III.
Appellant's third assignment of error challenges the sentence imposed by the trial court. The trial court sentenced appellant to twelve months incarceration, the maximum term for fifth-degree felonies. See R.C. 2929.14(A)(5). Appellant challenges the trial court's decision to imprison and also contends that the trial court failed to set forth an adequate rationale explaining the reasons for imposing the maximum term. While we affirm the trial court's decision imposing imprisonment rather than community control sanctions, we vacate its imposition of a twelve-month sentence because it failed to adequately state its reasons for imposing the maximum term.
An appellate court will not reverse a sentence unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or contrary to law. See R.C. 2953.08(G)(1)(a) and (d). "Clear and convincing evidence" represents a degree of proof that is: (1) more than a preponderance of the evidence; (2) less extensive than "beyond a reasonable doubt;" and (3) adequate to produce in the trier of facts a firm belief as to the facts to be established. SeeState v. Schiebel (1990), 55 Ohio St.3d 71, 74.
Sentencing for fifth-degree drug trafficking involves consideration of the various tests set forth in R.C. Chapter 2929. See R.C. 2925.03(C)(4)(a). In its sentencing entry, the court stated that it was required to follow R.C. 2929.12(B) in determining the appropriate sanction to impose. The trial court committed error in this determination.[3] Division (C) of R.C.2929.13, not division (B), applies to the determination of appellant's sentence. R.C. 2929.13(C) governs sentencing for fifth-degree felony drug trafficking of the type for which appellant was convicted. See R.C. 2925.03(C)(4)(a). R.C.2929.13(B) applies to sentencing for fifth-degree felony drugpossession offenses. See, e.g., R.C. 2925.11(C)(4)(a). However, the trial court's erroneous consideration of R.C. 2929.13(B), rather than R.C. 2929.13(C), is of no real consequence in this case. The trial court's analysis of R.C. 2929.13(B) resulted in its application of the same factors it would have considered had it correctly applied R.C. 2929.13(C).[4]
R.C. 2929.13(C) states:
 * * * in determining whether to impose a prison term as a sanction for a * * * felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.
This section provides no presumption either in favor of or against imprisonment. See Griffin Katz, Ohio Felony Sentencing Law (1998 ed.) 443. The court is obliged to consider general principles and guidelines of Ohio sentencing law in determining the appropriate punishment. The sentencing court is guided first by the dual purposes of sentencing set forth in R.C. 2929.11, which are to punish the defendant and protect the public from future crimes. R.C. 2929.11(A). The court must also choose a sentence commensurate with, and not demeaning to, the seriousness of the crime. R.C. 2929.11(B). The sentencing court is then required to consider the seriousness and recidivism factors in R.C. 2929.12 to determine how to accomplish the purposes found in R.C. 2929.11. R.C. 2929.12 guides the sentencing court in its decision whether to imprison an offender.
Appellant claims that the trial court erroneously weighed the R.C. 2929.12 factors in concluding that imprisonment was appropriate. The court's sentencing entry declared that "for the reasons stated in the record, and after considering the factors under [R.C. 2929.12], the Court * * * finds that a community control sanction is inconsistent with the purposes and principles of sentencing * * *."
R.C. 2929.12 states in part:
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under a release from confinement before trial or sentencing, under sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse. (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.[5]
Appellant emphasizes that he had never been adjudicated a delinquent child, that his last conviction had come nine years prior to the one involved in this case, and that he had enrolled in a drug treatment program. Nevertheless, there is support in the record for the trial court's decision to imprison. The transcript from the sentencing hearing acknowledges appellant's prior drug-related conviction in 1989. Further, the trial court rejected appellant's argument that he had merely fallen back into the snares of his drug addiction, which had been the reason for his previous conviction. The trial court emphasized that the instant conviction was "for trafficking into drugs [and] not drug abuse." The court was well within its discretion to decide that the present offense demonstrated that prior sanctions had not worked favorably and that prison was therefore appropriate. Moreover, notwithstanding appellant's assertion that he was enrolling in a drug treatment program, the trial court could have concluded that appellant had demonstrated a pattern of drug abuse that he had refused to acknowledge. The record thus supports the trial court's determination that imprisonment was an appropriate sanction. See State v. Fincher, supra (prison term appropriate so long as record as a whole, including transcript of sentencing hearing, supports determination that prison term was consistent with purpose of sentencing). Appellant has not clearly and convincingly demonstrated otherwise.
Appellant also challenges the trial court's imposition of the maximum sentence for fifth-degree felonies. R.C. 2929.14(C) limits a trial court's authority to impose the maximum prison term on an offender. The trial court may impose a maximum term only on those offenders "who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." R.C.2929.14(C). The trial court must specifically find that the offender satisfies one of the four classifications and state its reasons, on the record, for imposing the maximum sentence. R.C. 2929.19(B)(2)(d); see, also, State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported.
The court's sentencing entry stated: "The Court findsfor the reasons stated on the record pursuant to [R.C.2929.14(C)] that the Defendant poses the greatest likelihood of recidivism." (Emphasis added.) The entry purports to satisfy R.C. 2929.14(C), as well as the R.C. 2929.19(B)(2)(d) requirement that a court, at the convicted defendant's sentencing hearing, make a finding and give its reasons for imposing a maximum sentence. The transcript of the sentencing hearing, however, gives no support for the court's finding that appellant posed the "greatest likelihood of recidivism." The record of the sentencing hearing provides sufficient proof that the trial court considered the appropriate factors in deciding whether to imprison appellant pursuant to R.C. 2929.12. However, there is a more exacting standard when a court imposes a maximum sentence. R.C. 2929.19(B)(2)(d) requires a court to make a specific finding that gives its reasons for selecting the maximum sentence. The trial court uttered no oral finding stating the reasons why it considered appellant a particularly likely recidivist. The trial judge therefore failed to state any reasons why it imposed the maximum sentence on appellant, as required by R.C. 2929.19(B)(2)(d). Despite the sentencing entry's statement that appellant posed the greatest likelihood of recidivism, there is no factual basis in the record to support the finding. In the absence of any support in the record for the trial court's imposition of the maximum term, we cannot uphold the sentence. See State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported; cf. State v. Rose
(Sept. 15, 1997), Clermont App. No. CA96-11-106 (maximum sentence upheld when court states finding of "greatest likelihood of recidivism" at sentencing hearing that is supported by record).
We note that the parties and the trial court's sentencing entry make specific reference to the pre-sentence investigation conducted by the Ohio Adult Parole Authority. The trial court was required to consider the pre-sentence investigation in making its sentencing determination. R.C. 2929.19(B)(1). The pre-sentence investigation may provide meaningful guidance to the sentencing court in a decision to imprison and a decision to impose the maximum sentence. The pre-sentence investigation in this case, however, was not included as part of the appellate record. Appellee attached a copy of the pre-sentence investigation to its brief. This does not make the document part of the record on appeal. See App. R. 9(A); see, also, Statev. Callihan (1992), 80 Ohio App.3d 184, 197. A court of appeals may not determine an appeal based on matters outside the record. See App. R. 12(A)(1)(b). Moreover, even if it were a part of the record, its availability for our review would not have excused the trial court's failure to specify its reasons for imposing the maximum sentence as required by R.C.2929.19(B)(2)(d). See R.C. 2953.08(F) (record for review on appeal of sentence "shall" include pre-sentence investigation submitted to trial court); see, also, State v. Kauff, supra
("better practice" is to have pre-sentence investigation included in the record).
In sum, the record supports the trial court's decision to impose a prison sanction. However, the record fails to support the imposition of the maximum sentence. We therefore sustain
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, VACATED IN PART and remanded to the trial court for further proceedings consistent with this opinion and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Appellant's brief under this assignment of error gives no guidance as to why appellant believes his conviction to be against the manifest weight of the evidence. Appellant merely makes the conclusory assertion that the trial court "clearly lost its way and created a manifest miscarriage of justice." However, appellant's statement of facts addresses Reed's credibility and the search Brown conducted prior to the controlled purchase. We therefore limit our review to these issues.
[2] R.C. 3719.141(A) states in part:
 (1) A peace officer may sell any controlled substance in the performance of the officer's official duties if all of the following apply:
 (a) Prior approval for the sale has been given by the prosecuting attorney of the county in which the sale takes place * * *.
* * *
 (g) Prior to the sale, the law enforcement agency served by the peace officer who makes the sale has adopted a written internal control policy * * *. (Emphasis added.)
[3] Neither party raised this error on appeal. We raise it in order to give proper guidance to the trial court in determining appellant's sentence on remand.
[4] The trial court's consideration of R.C. 2929.13(B) merely added an extra step to its sentencing analysis which is not required under R.C. 2929.13(C). Although it was not required to, the court first considered whether any of the eight factors listed in R.C. 2929.13(B)(1) were present:
(a) Whether the offender caused physical harm to a person in committing the crime.
(b) Whether the offender attempted or threatened physical harm to a person with a deadly weapon in committing the crime.
(c) Whether the offender attempted or threatened physical harm to a person in committing the crime while having been previously convicted of a crime causing physical harm to a person.
(d) Whether the offender either: held a public office or position of trust; held a position obliging the offender to prevent the offense; had a professional reputation or position that facilitated the offense; or was likely to influence future conduct of other.
(e) Whether the offender committed the offense for hire or through organized criminal activity.
(f) Whether the offense was a sex offense.
(g) Whether the offender previously served a prison term.
(h) Whether the offender was previously subject to a community control sanction and committed another offense while subject to that sanction.
The court found none of these factors present. Even without finding one of these eight factors present, however, a trial court has the discretion to determine that a prison term is more consistent with the purposes of sentencing. See State v.Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported. This determination requires a consideration of factors in R.C. 2929.11 and R.C. 2929.12, which is also required if a trial court sentences an offender pursuant to R.C. 2929.13(C). The trial court's sentencing entry indicates that it considered these factors.
[5] Appellant also argues that the "seriousness" factors in R.C.2929.12(B) and (C) also weigh against imprisonment. Appellant notes that none of the "more serious" factors of R.C.2929.12(B) apply while one of the "less serious" factors of R.C. 2929.12(C) does. The record supports appellant's assertion on this point. However, the sentencing entry and the transcript from the sentencing hearing indicate that the recidivism factors were the sole motivator for the court's decision to imprison appellant rather than impose community control sanctions.