On April 7, 1998, appellant pled guilty to breaking and entering, a violation of R.C. 2911.13, in Case No. CRI 975140 before the Clinton County Court of Common Pleas. He was found amenable to community control and placed in the Clinton County Supervision Program ("CCSP") as part of his community control. After May 27, 1998, appellant never reported to CCSP. On June 8, 1998, he was terminated from CCSP, and a probation violation was filed.
On June 17, 1998, Josh Minzler stole a 1992 Eagle Talon automobile from Wilmington Auto Sales in Wilmington, Clinton County, Ohio. From that day until June 22, 1998, appellant and Minzler drove the vehicle throughout Clinton County.
On June 22, 1998, Deputy James Matson of the Fayette County Sheriff's Department located the vehicle behind the Milledgeville Community Center. Upon investigation, he discovered appellant and Minzler sleeping in the vehicle. Appellant and Minzler were arrested and charges were filed in Fayette County. The charges were later dropped, and appellant and Minzler were transferred to Clinton County, where they were questioned by Patrolman Jay Henning of the Wilmington Police Department.
On July 28, 1998, appellant was indicted by the Clinton County Grand Jury in Case No. CRI 985100 for unauthorized use of a motor vehicle, a violation of R.C. 2913.03(B),[1] a fifth degree felony. On September 11, 1998, appellant filed a request for a bill of particulars and a request for discovery. On September 14, 1998, appellant was arraigned in Case No. CRI 985100. On September 16, 1998, the state responded to the discovery request, which the state supplemented on September 30, 1998. The supplemental discovery was sent to appellant's counsel via facsimile and included a copy of the notes of the state's most recent meeting with Minzler. The supplemental discovery was not filed with the trial court, and the state did not respond to the request for a bill of particulars.
A bench trial commenced on October 1, 1998, and appellant was found guilty of unauthorized use of a motor vehicle. On October 14, 1998, a final hearing on appellant's community control violation was held, as well as a sentencing hearing on the unauthorized use of a motor vehicle charge. After hearing testimony, the trial court found that appellant had violated the terms of his community control, revoked the community control, and sentenced appellant to a six month term of imprisonment. The trial court then ordered appellant to a seven month term of imprisonment for unauthorized use of a motor vehicle, to be served consecutive to the sentence imposed for the community control violation. Appellant appeals, raising three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SENTENCING HIM TO MORE THAN A TERM OF SIX MONTHS IN THE OHIO DEPARTMENT OF CORRECTIONS AND REHABILITATION AND ORDERING THAT SENTENCE RUN CONSECUTIVE WITH THE SENTENCE IMPOSED IN CASE NO. 97-5140.
 In his first assignment of error, appellant contends that the trial court should have sentenced him to the minimum term of imprisonment for unauthorized use of a motor vehicle. Appellant further argues that this sentence should have been concurrent with the sentence for his community control violation, because the trial court did not make the findings required by R.C. 2929.14 to support imposing consecutive sentences.
 An appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2952.08(G) (1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed must be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
 The sentencing court is given wide discretion in determining the most effective way to comply with the purposes and principles of Senate Bill 2. "A reviewing court will not interfere with a sentence unless the trial court has abused its discretion." State v. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, a trial court does not abuse its discretion when imposing a sentence which is authorized by statute. State v. Beasley (1984), 14 Ohio St.3d 74, 75.
The trial court sentenced appellant to a seven month term of imprisonment for unauthorized use of a motor vehicle, which appellant contends was excessive. Pursuant to R.C. 2929.14(A) (5), when the trial court has determined that a prison term must be imposed upon the offender for a fifth degree felony, the court may impose a prison term of six to twelve months. If the offender has not served a previous prison term, the trial court must impose the minimum sentence of six months imprisonment, unless the trial court finds that to do so would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). Although the trial court is not required to use the "magic words" of the statute, substantial compliance is required. State v. Estrada (Sept. 18, 1998), Sandusky App. No. S-98-006, unreported; State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported, discretionary appeal not allowed (1998), 83 Ohio St. 1452. Substantial compliance will be found where the trial court has provided sufficient findings on the record to indicate either of the requirements of R.C. 2929.14(B). See State v. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543, unreported.
This court's review of the trial court's judgment entry reveals that implicit in the trial court's judgment was the finding that appellant presented a future danger of recidivism. Although the trial court did not recite the exact language of R.C. 2929. 14(B), the trial court did find that appellant posed a danger to the public, and that he had committed his second offense while under community sanction for his first offense.
The criteria in R.C. 2929.14(B) are based upon anticipating future crimes by the defendant, and, although predicting such conduct is inexact at best, the statute gives the courts the discretion to give the defendant the benefit of the doubt. Thus, appellant was only sentenced to community control following his first offense. But once appellant violated his community control and committed another offense, the trial judge "could no longer indulge those presumptions" and a sentence greater than the minimum was appropriate. See State v. Curry
(Jan. 25, 1999), Washington App. No. 97 CA 46, unreported. Thus, the trial court substantially complied with R.C. 2929.14(B), and the evidence in the record supports the decision of the trial court to impose a sentence greater than the minimum sentence.
The trial court also ordered that appellant's sentence for unauthorized use of a motor vehicle be served consecutively to the sentence imposed for his violating community control. Pursuant to R.C. 2929.14(E) (3), a trial court may impose consecutive sentences if it makes certain findings. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E) (3); State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001, unreported. Second, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(3) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanction, (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct, or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
In the instant case, the trial court found that consecutive sentences were necessary to protect the public and to punish appellant. The trial court also found that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger posed to the public. Thus, the initial requirement of R.C. 2929.14(E) (3) was satisfied. Additionally, the trial court found that appellant committed his second offense while under community control sanctions. Appellant had further violated the terms of his community control by not reporting as required. Thus, R.C. 2929.14(E) (3) (a) was applicable, and the trial court made the find ings necessary to impose consecutive sentences.
Upon thorough review and consideration of the trial record, we find that the trial court did not abuse its discretion in sentencing appellant. There is no evidence that the trial court failed to properly consider the required sentencing factors, and we find that the trial court's judgment is supported by the evidence and within statutory guidelines. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO SUSTAIN APPELLANT'S OBJECTION TO THE TESTIMONY GIVEN BY JOSHUA A. MINZLER, A CO-DEFENDANT, AND THE OBJECTION TO CERTAIN TESTIMONY OF PATROLMAN, JAY HENNING OF THE WILMINGTON POLICE DEPARTMENT.
 In his second assignment of error, appellant contends that the trial court should have excluded testimony of state's witnesses because the state failed to provide a bill of particulars or to timely disclose this evidence pursuant to Crim.R. 16. Appellant asserts that, as a result, he was unfairly surprised at trial.
Crim.R. 7(E) provides that when requested by a defendant, the state must provide a bill of particulars setting forth specifically the nature of the offense and the defendant's conduct constituting the offense. State v. Stepp (1997), 117 Ohio App.3d 561,565. When the state possesses the specific dates and times of an alleged offense, it must supply these in the bill of particulars. State v. Sellars (1985), 17 Ohio St.3d 169, syllabus. Nonetheless, a bill of particulars "is not designed to provide the accused with specifications of evidence or serve as a substitute for discovery." Id. at 171. Furthermore, the failure of the state to provide the defendant a bill of particulars will not prejudice the defendant where the indictment provided the defendant with all pertinent information and properly advised the defendant as to the time, place, nature, and substance of the harm allegedly inflicted. State v. Brown (1993), 90 Ohio App.3d 674,682, jurisdictional motion overruled (1994), 68 Ohio St.3d 1461.
In the instant case, appellant was not prejudiced by the state's failure to provide a bill of particulars. The indictment presented against appellant reads:
 that on or about the period of July 17, 1998 through July 22, 1998, at Clinton County, Ohio, Christopher Jackson, did knowingly use or operate a 1992 Eagle Talon Hatchback automobile, Serial No. 4E3CS44RONE022347, a motor vehicle as defined in Section 4501.01 of the Revised Code, without the consent of Wilmington Auto Sales, the owner, or person authorized to give consent, keeping possession of it for more than forty-eight hours, in violation of Ohio Revised Code Title 29, Section 2913.03(B) (Unauthorized Use of a Vehicle, a felony of the fifth degree) and against the peace and dignity of the State of Ohio.
 This indictment stated all of the relevant information that Crim.R. 7(E) requires to be included in a bill of particulars. Had the state provided appellant with a bill of particulars, appellant would not have been given any more information than he already had. Thus, appellant was not prejudiced by the state's failure to provide a bill of particulars.
Appellant asserts that his conviction must be reversed because the state failed to timely disclose evidence and prejudiced his rights at trial. We first note that although appellant complained of the late disclosure of the contested statements, appellant's counsel did not request a continuance or other remedy. Instead, during opening arguments counsel specifically told the trial court that appellant was ready to proceed to trial.
Pursuant to Crim.R. 16, the state is required to provide to the defendant, upon request or order, the names and addresses of all witnesses which the state intends to call at trial. Crim.R. 16(B) (1) (e); State v. Howard (1978), 56 Ohio St.2d 328, 333. The duty to disclose information is a continuing one, so that a party must notify the other party as new discoverable information is gained. Crim.R. 16(D).[2] If the state fails to promptly provide the identity or statement of a witness as required by Crim.R. 16, the trial court does not abuse its discretion by permitting the witness to testify if it can be shown that: (1) the state's failure to provide discovery was not willful, (2) foreknowledge of the statement would not have benefitted the defendant in preparation of his defense, and (3) the defendant was not prejudiced by the admission of the evidence. State v. Czajka
(1995), 101 Ohio App.3d 564, 572.
Where the failure to disclose a witness' statement is not willful, the trial court has numerous means to cure such a deficiency in discovery. The trial court's remedy will be overruled by the appellate court only if found to be an abuse of discretion. See State v. Wamsley (1991), 71 Ohio App.3d 607, 610, citingHoward, 56 Ohio St.2d 328. But when the defendant indicates his willingness to proceed to trial after learning of a discovery failure, the trial court does not abuse its discretion in so proceeding. State v. Bean (Jan. 23, 1998), Montgomery App. No. 16438, unreported, appeal dismissed (1998), 82 Ohio St.3d 1410, citing State v. Edwards (1976), 49 Ohio St.2d 31, 42, death sentence vacated on other grounds Edwards v. Ohio (1978),438 U.S. 911, 98 S.Ct. 3147.
In the instant case, the state promptly provided appellant with the initial disclosure of the statements of Minzler and Ptl. Henning. Thus, appellant was well aware of who would be called as state's witnesses as well as the substance of their testimony. The state later provided the supplemental statement of Minzler the day before trial was to begin. It was on this day that the state had again spoken to Minzler, who revealed further information about the crime. Thus, the state's disclosure was prompt and timely in light of when the state became aware of such information.
It was incumbent upon appellant to raise the issue of the late discovery and request an appropriate remedy. Instead, appellant opted to proceed to trial, and was given ample opportunity to cross-examine the witnesses. Thus, appellant was allowed to question the witnesses and expose any inconsistencies in their statements.
We cannot say that, under these circumstances, the trial court abused its discretion in allowing the witnesses to testify or that appellant was prejudiced by the admission of such testimony. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE CONVICTION OF THE DEFENDANT-APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his final assignment of error, appellant contends that the weight of the evidence presented at trial did not support his conviction. Appellant asserts that Minzler's testimony was not credible, and that, as a result, there was not evidence presented as to every element of the charged offense, unauthorized use of a motor vehicle.
Unlike a challenge to the sufficiency of the evidence, which attacks the adequacy of the evidence presented, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997), 78 Ohio St.3d 380,387. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id.; Tibbs v. Florida (1982),457 U.S. 31, 42, 102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Martin (1983), 20 Ohio App.3d 172, 175. A verdict will not be disturbed on appeal if reasonable minds could arrive at the conclusion reached by the jury. State v. Fields (1995),102 Ohio App.3d 284, 287, jurisdictional motion overruled (1995),74 Ohio St.3d 1457.
Upon review of the record, we cannot say that the trial court lost its way in finding appellant guilty of unauthorized use of a motor vehicle. The evidence presented supported the reasonable conclusion that appellant knew that the vehicle was stolen, and that appellant and Minzler used this vehicle for more than forty-eight hours.[3] Ptl. Henning testified that appellant confessed that he knew that the vehicle was stolen for the entire time that appellant and Minzler used the vehicle. Furthermore, the trial court stated that it based its decision primarily on the testimony of Ptl. Henning and that it found appellant's testimony to be incredible in light of the other evidence presented. We cannot say that the trial court was wrong in finding the state's evidence to be more credible than appellant's testimony.
Therefore, we find that the manifest weight of the evidence supported appellant's conviction for felonious assault. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] R.C. 2913.03(B) provides:
 No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours.
[2] Crim.R. 16(D) provides:
 Continuing duty to disclose. If, subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, he shall promptly make such matter available for discovery or inspection, or notify the other party or his attorney or the court of the existence of the additional matter, in order to allow the court to modify its previous order, or to allow the other party to make an appropriate request for additional discovery or inspection.
[3] Although appellant was not charged as an aider and abettor pursuant to R.C. 2923.03(A) (2), we note that the state's evidence supported the contention that appellant assisted, incited, or encouraged the commission of the charged unauthorized use a motor vehicle. Appellant expressly concurred in and contributed to the commission of the offense.State v. Stepp (1997), 117 Ohio App.3d 561, 568. Therefore, the state properly elected to charge appellant in terms of the principal offense, unauthorized use of an automobile, rather than as an aider and abettor. See R.C. 2923.03(F).