## SMITH v STATE

Ohio Appeals, 9th Dist, Summit Co

No. 2021. Decided Dec 9, 1931

Rockwell, Grant, Thomas & Buckingham, Akron, for Smith.

Don Isham, Pros. Atty., and F. E. Renkert, Asst. Pros. Atty., Akron, for State.

70

**WASHBURN, J.**

The record does not disclose that the defendant knew any of said guests or that they were ever at said place previous to that evening, nor anything as to their previous knowledge of said place; but if we may reasonably infer that defendant's evident policy of noninterference with guests who brought liquor to his place was known to G. and said other similar guests and was considered by them in choosing where they would go to drink their liquor, still there is no evidence whatever of any act by the defendant from which it may be reasonably inferred that he in any manner aided, abetted or procured said guests in obtaining possession of their liquor.

There is, then, no evidence of any prearrangement or plan by which the defendant procured said guests to possess said liquor, or that the defendant in any way abetted therein.

Can it be said that the defendant, by furnishing said ginger ale, aided said guests in their continued possession of said liquor?

It seems to us that it cannot. What the defendant did was to aid and abet said guests in the **drinking** of liquor which they possessed and over which they had exclusive and complete control and dominion, but nothing that the defendant did tended to affect in any manner whatever the possession, control and dominion of said guests over their own liquor.

In the absence of a conspiracy or some preceeding connection with the transaction, one does not aid and abet if he merely sees a crime being committed.

**Goins v State, 46 Oh St 457.**

Mere approval or acquiescence, without expressed concurrence or doing something to contribute to an unlawful act, is not an aiding or abetting of the act.

State v Peasley, 141 Pac. 316.

Without previous connection with the transaction, one is not an aider or abettor unless he knowingly does something which he ought not to do or omits to do something he ought to do which assists or tends in some way to affect the doing of the thing which the law forbids; in order to aid or abet, whether by words, acts, encouragement, support or presence, there must be something more than a failure to object unless one is under a legal duty to object. If A. knows that B. is illegally transporting liquor by truck, he does not aid and abet him therein by merely riding with him as a passenger upon the truck, although A.'s presence and failure to object may in a sense encourage B. As A. does nothing to further or affect the transportation, he is not an aider or abettor. So, the defendant in this case, by furnishing the ginger ale, did nothing to further or affect the possession of liquor by his guests; he encouraged only in the sense that he failed to object, and as he was under no legal duty to object, he did not aid or abet in the possession of their liquor.

We have been cited to no case and have found none in which those charged with

the duty of enforcing prohibition laws have claimed that one was guilty of aiding or abetting in the illegal possession of intoxicating liquor under circumstances the same or similar to those presented by the record in this case, and that fact may be properly considered in support of the conclusion we have reached in this case.

U. S. v Farrar, 281 U. S. 634, last paragraph of the opinion.

Counsel for the state stress the claim that the defendant, in connection with restaurant service, furnished a dance floor and music, and the service, accommodation and equipage desirable and commonly accepted as necessary for the enjoyment of the use of intoxicating liquors, and did not object to his guests bringing and drinking liquor upon the premises; but for the reasons stated, such facts, considered in connection with all of the facts, do not justify the conclusion that the defendant aided and abetted his guests in the possession of their liquor, and therefore he was not guilty of the crime for which he was tried.

While the defendant did not commit the crime charged, he admits that guests were knowingly permitted to possess intoxicating liquor in violation of law and in said place, and the facts referred to in the preceeding paragraph, when considered in connection with all the facts and reasonable inferences shown by the record, tend very strongly to establish that said guests were permited to so use said place under circumstances which rendered said place subject to being padlocked as a public nuisance under the provisions of §13195-1 GC in a civil suit brought for that purpose, and that remedy should have been invoked instead of the criminal prosecution.

The judgment being contrary to law, is reversed, and plaintiff in error is discharged.

PARDEE, PJ, and FUNK, J, concur.