The STATE of Ohio, Appellee,

v.

STEPP, Appellant.

[Cite as *State v. Stepp* (1997), 117 Ohio App.3d 561.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 96CA568.

Decided Jan. 13, 1997.

---

*Paul W. Cox, Jr.*, Pike County Prosecuting Attorney, for appellee.

*The Hoover Law Group* and *Marie C.A. Moraleja*, for appellant.

---

KLINE, Judge.

Diane Stepp appeals her conviction of aiding and abetting felonious sexual penetration. Stepp contends that the Pike County Court of Common Pleas erred by denying her motion for acquittal because the state failed to allege and prove the exact date of the offense. Stepp also argues that her conviction was against

the manifest weight of the evidence. We find no reversible error and affirm the judgment of the trial court.

I

The state initiated this prosecution after an investigation into complaints concerning Donald Kinnison's sexual conduct with Stepp's two daughters and a young female neighbor of Stepp's. Donald Kinnison had been Stepp's boyfriend for three and a half years. Several witnesses at trial testified that Kinnison had inappropriately touched the girls and had sexual intercourse with Stepp's older daughter, Rachel, who was fourteen at the time of the trial. Rachel testified that Kinnison inserted his penis into her vagina about five or six times. Rachel stated that she told her mother about every incident:

"A. I told her that he was wanting me to have sex with him. And every time he would do it, I'd tell her.

"Q. Okay. What would she say to you?

"A. She told me that * * * for me to do whatever I had to do to keep them together.

"Q. Keep who together?

"A. Keep her and Don together.

"Q. And was she talking about having sex if you had to?

"A. I took it as that."

Kinnison's daughter and a neighbor also testified that Stepp was aware of Kinnison's actions towards Rachel.

Rachel further testified that Stepp and Kinnison wanted her to take birth control pills and that Stepp took Rachel to get the pills. Rachel stated that Stepp "said if I ever got pregnant then she was taking me to Columbus to have an abortion and she would kill me and Don both."

Stepp testified that she was aware of Rachel's allegations that Kinnison was having sexual intercourse with her, but Stepp contends that she did not believe Rachel. Stepp stated that Rachel was very fond of Kinnison. Stepp testified that she allowed Kinnison to enter Rachel's bedroom at night to say goodbye and "tuck her in" because Rachel would get mad if he failed to do so. Stepp argued that although she did ask Rachel to try to keep Stepp and Kinnison together, the statement was taken out of context and did not refer to having sexual relations with Kinnison. Stepp denied threatening Rachel about getting pregnant by Kinnison, and she testified that she put Rachel on birth control pills because Rachel was having sex with other boys. It is undisputed that Stepp never saw Kinnison commit any of the offenses against her daughters.

The trial court granted Stepp's motion for acquittal of charges of corrupting a minor with respect to Rachel and gross sexual imposition with respect to Stepp's younger daughter but convicted her of felonious sexual penetration regarding Rachel. On appeal, Stepp asserts the following assignments of error:

"I. The trial court erred when it refused to grant defendant's motion for acquittal due to the fact that the date of the offense was never established beyond a reasonable doubt.

"II. The trial court erred when it refused to grant defendant's motion for acquittal due to the fact that the bill of particulars provided to [the] defense was defective in that the prosecuting attorney was aware of a more particular time frame in which the offense occurred, yet the prosecuting attorney stated the time frame of approximately one year.

"III. The trial court erred in finding defendant guilty of felonious sexual penetration in that the finding was against the manifest weight of the evidence.

"IV. The trial court erred in finding defendant guilty of felonious sexual penetration in that defendant's conduct did not rise to the level of an 'aider and abettor.' "

## II

■ We will address Stepp's first and second assignments of error together. Stepp contends that the trial court erred by denying her motion for acquittal. Crim.R. 29(A) provides that the trial court may order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses charged. "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. When reviewing a trial court's decision on a motion for acquittal, an appellate court must construe the evidence in a light most favorable to the state. *State v. Brown* (1994), 99 Ohio App.3d 604, 607, 651 N.E.2d 470, citing *State v. Wolfe* (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689.

■ Stepp argues that the trial court should have granted her motion for acquittal on the felonious sexual penetration charge because the state failed to allege a more specific date of the offense in the indictment and bill of particulars or to prove a date of the offense beyond a reasonable doubt. Stepp claims that the state was aware of a more specific time period at the time it indicted her and that the state denied her the ability to defend herself by failing to disclose these dates. Specifically, Stepp contends that she was unable to utilize an alibi defense

pursuant to Crim.R. 12.1 without knowledge of the alleged dates on which the offense occurred. In order to provide an alibi in response to the state's indictment and bill of particulars, Stepp would have to account for twenty-four hours a day for almost an entire year. Stepp also argues that if she was aware of the precise date, perhaps she could have recalled a specific incident for which Rachel was seeking retaliation against her.

We note that neither an indictment nor a bill of particulars is required to set forth a date when a specified date is not an element of the offense. See Crim.R. 7(B) and (E); R.C. 2941.08(B) and (C); *State v. Lawrinson* (1990), 49 Ohio St.3d 238, 239, 551 N.E.2d 1261, 1262–1263, Crim.R. 7(E) provides that when the defendant requests one, the state must provide a bill of particulars setting forth specifically the nature of the offense and defendant's conduct constituting the offense. Ordinarily, the state is not required to provide the exact date and time of an offense in a bill of particulars because such information does not describe the defendant's conduct; rather, it describes when the conduct is alleged to have occurred, which is generally irrelevant to the preparation of a defense. *State v. Gingell* (1982), 7 Ohio App.3d 364, 367, 7 OBR 464, 466–468, 455 N.E.2d 1066, 1070–1071. "A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." *State v. Sellards* (1985), 17 Ohio St.3d 169, 171, 17 OBR 410, 412, 478 N.E.2d 781, 784. See, also, *State v. Gingell*, 7 Ohio App.3d at 367, 7 OBR at 466–468, 455 N.E.2d at 1070–1071.

However, the Supreme Court has held that the state must supply specific dates and times of an alleged offense in a bill of particulars when it possesses such information. *State v. Sellards* at syllabus.

"A trial court must consider two questions when a defendant requests specific dates, times or places on a bill of particulars: whether the state possesses the specific information requested by the accused, and whether this information is material to the defendant's ability to prepare and present a defense. * * * If these two questions are answered in the affirmative, then the state must include the information in the bill of particulars." *State v. Lawrinson*, 49 Ohio St.3d at 239, 551 N.E.2d at 1262.

Stepp requested a bill of particulars pursuant to Crim.R. 7(E) that would reveal the conduct constituting the offense and the date, time, and place of the alleged offense. The state provided a bill of particulars that indicated that Stepp aided and abetted Kinnison in committing the offense, restated as it was alleged in the indictment, "[o]n or about a period beginning January 1, 1995 and ending December 20, 1995 between the hours of 12:01 a.m. and 11:59 p.m." at Stepp's apartment.

Pursuant to *Lawrinson*, we must first determine whether the state had knowledge of a more specific time frame. Before the trial, the state admitted that it presented more specific dates and times to the grand jury. It is therefore evident that the state possessed more specific information that it could have disclosed to Stepp.

However, the courts have generally held that the failure to disclose known dates is fatal to a prosecution only if the absence of specifics prejudices the accused's ability to fairly defend herself. *State v. Sellards,* 17 Ohio St.3d at 172, 17 OBR at 412–413, 478 N.E.2d at 784–785. Accordingly, the second step of the *Lawrinson* test is to determine whether the date and time were material to Stepp's ability to prepare her defense.

Stepp argues that if she had known of a more specific time period during which the offense was committed, she could have prepared an alibi defense. Other courts have rejected this contention when the defendant failed to file a notice of alibi pursuant to Crim.R. 12.1. *State v. Sellards,* 17 Ohio St.3d at 172, 17 OBR at 412–413, 478 N.E.2d at 784–785; *State v. Barnecut* (1988), 44 Ohio App.3d 149, 152, 542 N.E.2d 353, 355–356. Cf. *State v. Lawrinson,* 49 Ohio St.3d at 239–240, 551 N.E.2d at 1262–1263. Likewise, Stepp's claim fails because she never indicated an intention to use an alibi. Stepp's defense was based on the fact that she never witnessed sexual conduct between Kinnison and Rachel and her failure to believe Rachel. These are questions of credibility to be determined by the trial court. The persuasiveness of this defense would not be affected by an alibi.

Additionally, one year is not an unreasonable period of time to consider in the preparation of a defense. In *State v. Gingell,* 7 Ohio App.3d at 368–369, 7 OBR at 468–469, 455 N.E.2d at 1071–1072, the court held that a defendant charged with three separate acts of rape during a fourteen-month period was not prejudiced by the state's failure to notify him of a more specific date. In *State v. Ambrosia* (1990), 67 Ohio App.3d 552, 557, 587 N.E.2d 892, 895–896, the court found no prejudice to the defendant where he was charged with three counts covering two and a half years. See, also, *State v. Barnecut,* 44 Ohio App.3d at 151, 542 N.E.2d at 354–355 (one year was the largest time period specified in the indictment and was not prejudicial). Furthermore, child sexual abuse cases " 'often make it more difficult to ascertain specific dates. The victims are young children who may reasonably be unable to remember exact times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time.' " *Id.* at 151–152, 542 N.E.2d at 355, quoting *State v. Robinette* (Feb. 27, 1987), Morrow App. No. CA–652, unreported, 1987 WL 7153.

Finally, Stepp impaired her ability to claim prejudice by declining an opportunity to cure this defect in the trial court. Before trial, the state informed the

court that had it been aware of Stepp's issues pertaining to the bill of particulars, it would have corrected them. The record indicates that the state's neglect to allege a more precise time period was not intentional. The state asked the trial court to give Stepp additional time if she required it so as to prevent Stepp from raising this argument on appeal. Stepp did not request a continuance, and her counsel indicated that she was prepared to defend Stepp with respect to all counts. For these reasons, we find that the lack of preciseness in the indictment and bill of particulars was not fatal to the state's case.

With respect to Stepp's first assignment of error, the state was not required to prove the date of the offense beyond a reasonable doubt because the date was not an element of the offense. The state was required to prove beyond a reasonable doubt only that the incident occurred within the time frame set out by the indictment. See *State v. Ambrosia,* 67 Ohio App.3d at 559, 587 N.E.2d at 897. The state sustained this burden.

We hold that the trial court did not err by denying Stepp's motion for acquittal. Accordingly, we overrule Stepp's first and second assignments of error.

### III

In Stepp's third and fourth assignments of error, she contends that her conviction for aiding and abetting felonious sexual penetration was against the manifest weight of the evidence. Stepp argues that her offense, if one exists, more appropriately falls under the offense of child endangerment pursuant to R.C. 2919.22. R.C. 2919.22(A) provides in part that no parent of a child under eighteen years of age shall create a substantial risk to the health or safety of the child by violating a duty of care, protection, or support. Stepp also claims that the evidence does not support a finding that her involvement in Kinnison's actions amounts to aiding and abetting felonious sexual penetration.

We first set forth our standard of review for cases in which the appellant submits that a judgment is against the manifest weight of the evidence. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. *State v. Garrow* (1995), 103 Ohio App.3d 368,

370–371, 659 N.E.2d 814, 815–816; *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 720–721.

First, we agree with Stepp inasmuch as the evidence may have supported a finding of child endangerment pursuant to R.C. 2919.22(A). See, *e.g., State v. Wardlow* (1985), 20 Ohio App.3d 1, 20 OBR 1, 484 N.E.2d 276, (mother who was aware that her boyfriend was attempting to rape her daughter created a substantial risk to the safety of her daughter by failing to remove either the child or the boyfriend from the residence). However, the state did not charge Stepp with child endangerment, and the record does not indicate that the court considered convicting her of it. We therefore decline to speculate whether it would have been advantageous for the state to charge her with child endangerment rather than aiding and abetting felonious sexual penetration.[1]

We now proceed to consider whether the weight of the evidence supported Stepp's conviction. R.C. 2923.03(A) provides as follows:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

" * * * *

"(2) Aid or abet another in committing the offense." See, also, *State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792, paragraph two of the syllabus.

R.C. 2923.03(F) provides that a person who violates R.C. 2923.03 is guilty of complicity in the commission of an offense and shall be prosecuted and punished as if the person were a principal offender. "A charge of complicity may be stated in terms of this section, or in terms of the principal offense." *Id.* This court must therefore determine whether there is substantial evidence to support the trial court's determination that Stepp aided or abetted Kinnison's felonious sexual penetration of Rachel.

To "aid" is to assist and to "abet" is to incite or encourage. *State v. Sims* (1983), 10 Ohio App.3d 56, 58, 10 OBR 65, 67–68, 460 N.E.2d 672, 674–675. See, also, *State v. Wickline* (1990), 50 Ohio St.3d 114, 118, 552 N.E.2d 913, 918–919, quoting Black's Law Dictionary (5 Ed.1979) 16.

"Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act. *State v. Peasley*, 80 Wash. 99, 141 P. 316.

---

1. Our research has revealed few cases in which a defendant was charged with aiding and abetting felonious sexual penetration. See, *e.g., State v. Renz* (Dec. 21, 1984), Darke App. No. 1102, unreported, 1984 WL 3278 (conviction upheld). Nevertheless, it is evident to us that the occurrence of such an offense is plausible.

"Without previous connection with the transaction, one is not an aider or abettor unless he knowingly does something which he ought not to do, or omits to do something he ought to do, which assists or tends in some way to affect the doing of the thing which the law forbids; in order to aid or abet, whether by words, acts, encouragement, support or presence, there must be something more than a failure to object unless one is under a legal duty to object." *Smith v. State* (1931), 41 Ohio App. 64, 67–68, 11 Ohio Law Abs. 69, 70, 179 N.E. 696, 697, quoted in *State v. Sims*, 10 Ohio App.3d at 59, 10 OBR at 68–69, 460 N.E.2d at 675–676.

■ The state may demonstrate that an accused is guilty of aiding and abetting by direct or circumstantial evidence. *State v. Cartellone* (1981), 3 Ohio App.3d 145, 150, 3 OBR 163, 168–169, 444 N.E.2d 68, 74–75. "Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed." *State v. Pruett* (1971), 28 Ohio App.2d 29, 34, 57 O.O.2d 38, 41, 273 N.E.2d 884, 887.

This court concludes that substantial evidence existed upon which the trial court could have reasonably determined that all of the elements of the offense have been proven beyond a reasonable doubt. Rachel's testimony establishes that Kinnison committed felonious sexual penetration. Although Stepp never witnessed Kinnison committing the offense, her behavior before and after the various incidents supports a finding of aiding and abetting. Rachel testified that Stepp told her to do whatever she had to do to keep Stepp and Kinnison together. Rachel stated that Stepp "said if I ever got pregnant then she was taking me to Columbus to have an abortion and she would kill me and Don both." Although Stepp denied making this statement, the trial court was free to resolve this conflict of evidence in favor of the state and did not clearly lose its way or create a manifest miscarriage of justice by doing so.

Furthermore, Stepp testified that although Rachel told her that Kinnison was having sex with her, she continued to allow Kinnison to enter Rachel's bedroom at night to "tuck her in," thereby allowing Kinnison to be alone with Rachel in Rachel's bed. Stepp's behavior amounts to more than mere association or acquiescence. Her physical absence from the bedroom is irrelevant. Stepp's acts of allowing Kinnison to be with Rachel in her bed, supplying birth control, and ignoring Rachel's allegations of wrongdoing were expressions of encouragement and support. Stepp effectively assisted Kinnison to perpetuate the crime.

We find that there was substantial evidence upon which the trial court could reasonably conclude that all the elements of the offense were proven beyond a reasonable doubt. We conclude that Stepp's conviction for aiding and abetting felonious sexual penetration is not against the manifest weight of the evidence, and we overrule Stepp's third and fourth assignments of error.

### IV

Having overruled all of Stepp's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE, P.J., concurs.

HARSHA, J., concurs in judgment on Assignments of Error Nos. I and II but dissents from the judgment on Assignments of Error Nos. III and IV.