OPINION
Defendant-appellant, Ryan White, appeals his conviction in the Clinton County Court of Common Pleas for aggravated robbery, felonious assault, assault, and petty theft. The judgment of the trial court is affirmed.
In the dark, early morning hours of July 19, 1997, Aaron Jeffery, age thirteen, and Timothy Taylor, age fourteen, were walking through the Wilmington Green apartment complex in Wilmington, Ohio, on their way to Bob and Carl's carryout. As they passed by the playground, they were called over by a group of young men, including appellant, who were members of the "Deuce Hoover 187 Crypts" and "74 GD Folk" gangs. One of them asked the boys if they were going to join their "clan." After the boys replied "no," they continued on their way.
Two of the men, on orders from a senior gang member to "shake down" or rob the boys, caught up with Aaron and Timothy. The two men patted down Aaron. Timothy told them he only had $2 with him. The remaining men, including appellant, surrounded the boys. Within moments, someone asked "what's 409 plus one," a gang signal to beat up the boys. Appellant hit Aaron, who, although hurt, was able to run to the carryout and call the police. Another gang member struck Timothy, who was knocked unconscious by the blow. The gang then dispersed. However a short time later, two gang members returned and stole Timothy's Nike sandals and the $2 he had with him.
As a result of the injuries from the attack, Timothy suffered severe head trauma, including damage to his frontal lobes. He spent several days in an intensive care unit and several weeks in rehabilitation to learn to balance and walk again. Timothy underwent a personality change as a result of the trauma to his brain and is now violent and largely unexpressive of emotions except for anger. He still requires constant supervision, psychological counseling, speech therapy, and medications to control his anger and to help him sleep.
Appellant was indicted on July 29, 1997, for robbery, aggravated robbery, assault, felonious assault, and petty theft. After a jury trial, appellant was found guilty on all of the counts in the indictment except for the robbery charge. Appellant appeals raising two assignments of error.
Assignment of Error No. 1:
 THE APPELLANT'S CONVICTION, AS A MATTER OF LAW, WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIENCE.
 In his first assignment of error, appellant contends that his convictions for aggravated robbery, felonious assault, and petty theft were not supported by sufficient evidence.
When reviewing the sufficiency of the evidence, an appellate court's function is to determine whether the evidence admitted at trial, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The proper inquiry is whether "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781.
Appellant first argues that there was insufficient evidence to convict him of felonious assault by complicity for the attack against Timothy. Appellant contends that the state failed to present evidence which would indicate that Timothy was struck by a member of the gang, and that the gang expressed an intent to harm Timothy.
Felonious assault is defined by R.C. 2903.11(A) as knowingly causing serious physical harm to another person. Pursuant to R.C. 2923.03(F), a person who aids or abets another in the commission of an offense, or conspires with another to commit an offense may be prosecuted and punished as if he were the principal offender.
The state presented evidence that appellant and the other members of the gang he was with encouraged the other two young men to assault and rob Aaron and Timothy. Appellant, along with the others, surrounded Timothy and Aaron while the other two approached the boys. When a call came from within the group to attack the boys, appellant immediately stepped forward and struck Aaron, while another gang member struck Timothy. Timothy was seriously injured as a result of the attack.
This evidence, if believed, is sufficient to support appellant's conviction for felonious assault. Appellant did more than merely acquiesce in the commission of the offense; he expressly concurred in and contributed to the commission of the felonious assault. State v. Stepp
(1997), 117 Ohio App.3d 561, 568; State v. Jackson (May 24, 1999), Clinton App. No. CA98-11-022, unreported. Pursuant to R.C. 2923.03(F), the state properly elected to charge appellant in terms of the principal offense, felonious assault, and we find that the charge is supported by sufficient evidence.
Appellant next argues that his convictions for aggravated robbery and petty theft are not supported by sufficient evidence. Appellant contends that the only property stolen was taken from Timothy after appellant had left the scene of the assault, thereby absolving him of responsibility.
The state presented evidence establishing appellant's participation in the assault on Timothy. The assault was a group effort planned by appellant and other gang members. The purpose of the assault was to provide two members the opportunity to rob Aaron and Timothy and prove their loyalty to the gang. When the call for an assault on the boys was made, appellant participated in the assault. When they realized that Timothy had been knocked out with the single blow, the gang dispersed. Although the robbery did not immediately follow, it occurred within a few minutes of the attack and was part of the gang's original intent in assaulting the boys. Appellant's intent to rob Timothy may be inferred by his presence, companionship, and conduct before and during the offense.State v. Stepp (1997), 117 Ohio App.3d 561, 569, citing State v. Pruett
(1971), 28 Ohio App.2d 29, 34.
Upon review of the record, we find that the state presented evidence, which, if believed, supports each of appellant's convictions. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2:
 APPELLANT'S CONVICTION SHOULD BE REVERSED BEAUSE IT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his second assignment of error, appellant contends that his convictions for aggravated robbery, felonious assault and petty theft are not supported by the manifest weight of the evidence.
An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact finder's resolution of any conflicting testimony. Statev. Thompkins (1997), 78 Ohio St.3d 380, 389. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In support of his contention that his convictions are against the weight of the evidence, appellant maintains that there is insufficient evidence to support his convictions and that the testimony offered at trial was "contradictory and confusing." As noted in regard to appellant's first assignment of error, there is evidence from which the jury could find appellant guilty of the charged offenses. We also note that the fact finder was in the best position to judge the credibility of witnesses and to resolve any conflicts in the evidence presented. Seeid. at 231.
Based on the foregoing and after a thorough review of the record, we find that the trier of fact neither lost its way nor created a manifest miscarriage of justice by finding appellant guilty of felonious assault, aggravated robbery and petty theft. Appellant's convictions are not against the manifest weight of the evidence. The second assignment of error is overruled.
 WALSH and VALEN, JJ., concur. _____________ POWELL, P.J.