DECISION AND JUDGMENT ENTRY
Wendy Zuber appeals her conviction in the Hocking County Municipal Court for Domestic Violence under R.C. 2919.25(A). She was involved in an altercation with her husband, Kevin Zuber, at their farm in Hocking County, Ohio. Kevin and Wendy Zuber had been married for approximately three years at the time of the incident and shared their residence with Kevin's two children from a previous marriage, Thor and Tiera. Kevin Zuber is a former truck driver and receives disability benefits. Appellant trains horses and was boarding four horses on the farm at the time of the incident.
Kevin Zuber (Zuber) testified that he injured his heel in November 1999 and that the couple had experienced financial difficulties as a result. He also testified that he had undergone two back surgeries, and that he had strained his back the day prior to the alleged domestic violence incident by lifting a tool box out of the bed of his pick-up truck. Zuber testified that his dispute with appellant began when he discovered that the taxes had not been paid on their rental property. Upon discovering their financial situation, he said that he spoke with his children and decided to move the family to the rental property because they were no longer able to maintain the farm. Before telling appellant about the decision, Zuber closed out the couple's joint checking account and opened an account solely in his name. He said that he closed out the joint account because of the way appellant handled bad news.
Zuber testified that he waited until his children were home from school to confront appellant because he thought their presence would keep her from getting too upset. When appellant came into the house he told her that they needed to talk and both agreed to go outside. Once outside, Zuber told appellant about his decision to move and that he had closed their joint account. Appellant started cursing and told him she wanted half of the money from the account. Zuber said that the money was for unpaid bills and walked back into an enclosed porch area of the house. Appellant followed him and allegedly kicked him in the lower back or buttocks area with her foot while they were on the porch. He said that the kick knocked him to his knees.
Zuber testified that he then got up and went into the kitchen to call the police department. He said that while he was on the telephone, appellant picked up a rifle that was in the corner of the kitchen and started looking through the kitchen hutch for an ammunition clip. She broke some china in the process. She did not find the ammunition clip and threw the rifle to the floor. According to Zuber, appellant then walked over to him, grabbed his wallet from his pocket, and kicked him again in the back or buttocks. He testified on direct examination that the kick caused him to fall to his knees. Zuber opined that appellant intended to hurt him by kicking him.
In contrast, appellant testified that her problems with her husband began when he was injured and started taking pain medication. She indicated that Zuber had increasingly shut her out of his life and that his behavior had become irrational. She testified that, on the day of the incident, he told her they needed to talk. The children were home from school so they went outside and Zuber told her about closing their joint account and about his decision to move. Appellant made a derogatory remark and Zuber immediately walked back into the house, to the kitchen, and called the police department.
Appellant said that she followed Zuber into the house and overheard him tell police that his wife was out of control and that she had an outstanding warrant against her in Newark, Ohio for failure to appear on a traffic violation. Fearing arrest, appellant said that she went over to Zuber and lifted the side of her foot to his buttocks and said, "hey, I thought we were talking here." Appellant testified that she was just trying to get Zuber's attention and that the contact did not cause him to fall down or even move.
Appellant then grabbed Zuber's wallet and exited the house. She took her credit cards out of his wallet and went back into the house to return the wallet. Zuber was still talking to police telling them that his wife was kicking him to the ground. Appellant testified that she was worried, given Zuber's irrational behavior, and picked up the rifle. She said that she knocked over a coffee mug rack in the process, causing a coffee mug to fall and break. She was starting to exit the kitchen when she heard Zuber tell police that she had a gun. This caused appellant to lay the rifle down on the kitchen floor and leave the house.
Thor Zuber, Kevin Zuber's 13 year old son, testified that he saw appellant kick Zuber and take his wallet while he was on the telephone. He said the kick knocked him down, but that he caught his fall. Deputy Carrell, the arresting officer in this case, testified that he did not observe any marks on Zuber when he arrived on the scene. The deputy testified that it was apparent that Zuber was in some pain by the way he walked and that Zuber told him that it hurt when appellant kicked him.
Appellant was convicted of domestic violence under R.C. 2919.25
following a bench trial. She raises two assignments of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN RENDERING JUDGMENT THAT DEFENDANT WAS GUILTY OF THE OFFENSE OF DOMESTIC VIOLENCE BEYOND A REASONABLE DOUBT WITHOUT FINDING THE EXISTENCE OF ALL THE ELEMENTS OF THE OFFENSE.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN RENDERING JUDGMENT THAT DEFENDANT WAS GUILTY OF THE OFFENSE OF DOMESTIC VIOLENCE BEYOND A REASONABLE DOUBT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUPPORT CONVICTION OR, IN THE ALTERNATIVE, THE JUDGMENT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
In her first assignment of error, appellant argues that the trial court failed to make a specific finding on the record that she knowingly caused or attempted to cause harm to the victim. We are unaware of any requirement that a trial court make specific findings on the record in order to convict a defendant of domestic violence under R.C. 2919.25(A). Under Crim.R. 23(C), a general verdict of guilty is sufficient to support a conviction in a case tried to the court.[1] Appellant's first assignment of error is meritless.
In her second assignment of error, appellant challenges the sufficiency and weight of the evidence to support her conviction for domestic violence under R.C. 2919.25(A). "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380. While a "sufficiency" challenge tests whether a state's case is legally adequate to go to the jury, a "weight" of the evidence argument concerns the "rational persuasiveness" of the evidence and tests whether the evidence was enough to sustain the state's burden of proof. Thompkins,supra, at 386-387.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia (1979), 443 U.S. 307.
Our role in a manifest weight of the evidence inquiry is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." Statev. Getsy (1998), 84 Ohio St.3d 180, 193. To make this determination, we must "review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." State v.Stepp (1997), 117 Ohio App.3d 561, 567. If the record contains substantial evidence upon which a trier of fact could conclude that the state proved its case beyond a reasonable doubt, we will not reverse a conviction. Getsy, supra, at 193-194; State v. Eskridge (1988),38 Ohio St.3d 56, paragraph two of the syllabus. The weight to be assigned to the evidence and the credibility of witnesses are both issues left more properly to the trier of fact than a reviewing court. See Statev. Hill (1996), 75 Ohio St.3d 195, 205 and the cases cited therein.
Appellant was convicted of domestic violence under R.C. 2919.25(A) based on the incident that occurred in the kitchen, while Zuber was talking to police on the telephone. R.C. 2919.25(A) states:
 "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
Appellant's challenge is that the state failed to establish by sufficient evidence that she "knowingly caused or attempted to cause harm" to Zuber beyond a reasonable doubt.
A person acts knowingly if "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C.2901.22(B). The result must be "probable," as opposed to possible, in order to find that the person has acted knowingly. State v. Elliot
(1995), 104 Ohio App.3d 812, 819. A defendant's mental state may properly be inferred from the surrounding circumstances. State v. Logan
(1979), 60 Ohio St.2d 126, 131.
"Physical harm to persons" is defined as any injury, or other physiological impairment, regardless of its gravity or duration. R.C.2901.01(C). Infliction of significant pain can constitute "physical harm" as defined in R.C. 2901.01(C). State v. Wray (Jan. 2, 2001), Gallia App. No. 00CA08, unreported.
Appellant admitted that her foot came into contact with Zuber's buttocks. The crux of appellant's argument focuses on the magnitude of the impact from the kick and the resultant harm. Zuber testified that he fell to his knees when appellant kicked him. This testimony was corroborated to some extent by Thor Zuber who testified that he witnessed appellant kick Zuber and that the impact caused him to fall forward, but that he caught his fall before he hit the floor. Moreover, appellant acknowledged that Zuber was already hurt before she kicked him, indicating that she was aware of his fragile physical condition. We conclude that this evidence, if accepted as true, is sufficient to convince the average mind of the appellant's guilt beyond a reasonable doubt. Thus, appellant's conviction passes a sufficiency of the evidence test.
We also hold that appellant's conviction is not manifestly against the weight of the evidence. In weighing the evidence, we note that appellant testified that she merely raised her foot to Zuber's buttocks and that the impact was negligible. She said that he didn't move an inch. However, appellant's testimony was contradicted by the combined testimonies of Zuber and his son Thor, who both testified that the impact, at a minimum, caused Zuber to fall forward.
We also acknowledge that the Sheriff's deputy did not observe any visible marks on Zuber when he arrived, and that Zuber did not seek medical treatment after the incident. Nevertheless, there was significant evidence presented that Zuber suffered from back and foot pain prior to the incident. He used a cane for walking and had been taking prescription pain medication since his injury in 1999. Given the overall evidence, a reasonable fact-finder could infer that appellant kicked Zuber with enough force that she knew or should have known that it would cause him pain, and that he did in fact experience significant pain as a result.
We have also carefully reviewed all the testimony about the events leading up to the incident and conclude that the determination of credibility is best left to the jury. While we tend to discern some inconsistencies in Zuber's rationale for his actions prior to the incident, there is nothing so inherently incredible about his testimony that would allow us to conclude that the court clearly lost its way in giving his story more credence than that of the appellant. Having considered the manifest weight of the evidence, the trial court's finding that appellant is guilty of domestic violence under R.C. 2919.25(C) does not result in a manifest miscarriage of justice. This assignment of error is also meritless.
The judgment of conviction for domestic violence under R.C. 2919.25(C) is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ William H. Harsha, Judge.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Crim.R. 23(C) states: Trial without a jury. In a case tried without a jury, the court shall make a general finding.