{¶ 16} I must respectfully dissent from the majority since the failure to provide a bill of particulars does not constitute a discovery violation as contemplated by Crim.R. 16. It is more analogous to a procedural violation of Crim.R. 7 which would be reviewed under a harmless error analysis. Therefore, the standard applied by the parties, the trial court, and the majority, whether the trial court imposed the least severe sanction appropriate to the circumstances of the case, does not apply to the trial court's decision.
 {¶ 17} Thus the issue becomes whether it was within the trial court's discretion to dismiss the indictment if Crespo suffered no prejudice by the late filing of the bill of particulars. Because the trial court made no effort to determine whether Crespo was prejudiced by the state's failure to timely file a bill of particulars, I would conclude it abused its discretion by dismissing the indictment without any demonstration of prejudice.
 {¶ 18} Admittedly, the state failed to provide the bill of particulars until the day the trial court dismissed the indictment. However, the state claims its behavior resulted in no prejudice to Crespo since the state had already submitted discovery to Crespo which contained all of the information which would be found in the bill of particulars. In response, Crespo correctly points out that Crim.R. 7(E) provides that when requested by a defendant, the state must provide a bill of particulars setting forth specifically the nature of the offense and the defendant's conduct constituting the offense. State v.Stepp (1997), 117 Ohio App.3d 561, 565. When the state possesses the specific dates and times of an alleged offense, it must supply these in the bill of particulars. State v. Sellars
(1985), 17 Ohio St.3d 169, syllabus.
 {¶ 19} What Crespo fails to mention, however, is that a bill of particulars "is not designed to provide the accused with specifications of evidence or serve as a substitute for discovery." Sellars at 171. Inherent in that statement is the idea that the production of the bill of particulars should be treated differently from the production of evidence through discovery. This is true mainly because the failure to hand over a bill of particulars, especially if an indictment with adequate detail was provided, will have less effect on a defendant's ability to defend himself than an outright denial of full and open discovery. In support of this proposition, I find the fact that there are two separate and distinct criminal rules dealing with each of these situations to be compelling. In particular, Crim.R. 16 specifically lists the items that must be provided in discovery and nowhere in that list is the bill of particulars mentioned. Accordingly, the standard found in Crim.R. 16 for imposing sanctions does not apply to this situation.
 {¶ 20} It should now be determined what standard the trial court should have applied when dealing with the prosecutor's untimely filing of the bill of particulars. Since Crim.R. 7 does not provide a remedy for the failure to produce a bill of particulars, it is appropriate to look to the decisions of other courts for guidance. It has been repeatedly held that the failure of the state to provide the defendant a bill of particulars will not prejudice the defendant where the indictment provided the defendant with all pertinent information and properly advised the defendant as to the time, place, nature, and substance of the harm allegedly inflicted. State v. Brown (1993),90 Ohio App.3d 674, 682.
 {¶ 21} Significantly, in a case cited by Crespo, State v.Chinn, 85 Ohio St.3d 548, 1999-Ohio-0288, the trial court denied appellant's motion for a bill of particulars noting that the motion had been untimely filed and determined that, even if the motion was timely, a bill of particulars was not necessary to aid appellant in preparing for trial. The appellant in Chinn argued the trial court's denial of his request for a bill of particulars rendered him unable to present an adequate defense. The Supreme Court disagreed.
 {¶ 22} The Court first acknowledged that if appellant's motion had been timely made, it was clear error for the prosecution to fail to provide a bill of particulars and for the trial court to have denied appellant's motion. The Court explained that the law is clear. "In a criminal prosecution the state must, in response to a request for a bill of particulars * * *, supply specific dates and times with regard to an alleged offense where it possesses such information." State v. Sellards
(1985), 17 Ohio St.3d 169, syllabus.
 {¶ 23} Importantly, the Court then stated that the issue inChinn ultimately turned on the question whether appellant's lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself. The Court determined that the denial of appellant's request in no way precluded or otherwise hindered him from effectively presenting his defense since the record did not support appellant's claims that he lacked specific information as to the offenses charged. Accordingly, the Court upheld the appellant's conviction concluding, "while the denial of a timely request for a bill of particulars should never occur, it is clear that appellant suffered no prejudice as a consequence of the denial that occurred in this case." Id. at 569.
 {¶ 24} Likewise, in State v. Jackson (May 24, 1999), 12th Dist. No. CA98-11-022, the Twelfth District upheld a conviction even though the state never provided the appellant with a bill of particulars. Because the indictment stated all of the relevant information that Crim.R. 7(E) requires be included in a bill of particulars, the court concluded that, had the state provided appellant with a bill of particulars, appellant would not have been given any more information than he already had. Thus, appellant was not prejudiced by the state's failure to provide a bill of particulars. Id. at 5.
 {¶ 25} Similarly, in State v. Miller (Feb. 12, 1999), 11th Dist. No. 98-P-0023, the court decided that, "although the language of Crim.R. 7(E) is mandatory, appellant was not prejudiced by failing to receive a bill of particulars. The purpose of a bill of particulars is to clarify a complaint that is vague or indefinite so that a defendant knows the exact nature of the charges against him." Id. at 2. The court further explained, "In State v. Brown (1993), 90 Ohio App.3d 674, 682,630 N.E.2d 397, 402, this court held that failing to provide a defendant with a requested bill of particulars was harmless error when the indictment gave adequate notice of the time, place, nature, and substance of the offense. Id. at 402." Id. Accordingly, because the appellant in Miller was not harmed by not receiving a bill of particulars because the traffic citation she received included the time, place, and specific nature of the charged offense, the court upheld her conviction. Id.
 {¶ 26} In a slightly different case where the appellant did not make a timely request for a bill of particulars, State v.Bayer, (1995), 102 Ohio App.3d 172, the trial court still granted his motion. In that case, the prosecution claimed that it responded to the motion by providing appellant with a copy of its entire file, which contained the police report detailing the incident. Although the Eleventh District was unable to conclude the prosecutor complied with the trial court's order, it concluded that the state's failure did not rise to the level of prejudicial error requiring a reversal on that issue.
 {¶ 27} The Bayer court explained that it was evident that appellant was aware of the "nature of the offense charged and of the conduct * * * alleged to constitute the offense." Crim.R. 7(E). Because the appellant was prepared to defend himself against the charge, the prosecution's failure to provide him with a "formal response" elevates form over substance, and it was not prejudicial to appellant's trial preparation. Bayer at 184, citing Brown at 682.
 {¶ 28} In several other fairly recent decisions, courts have repeatedly held that the failure to timely provide or even the complete failure to provide a bill of particulars constitutes harmless error unless some prejudice to the defendant is demonstrated. See State v. Luna (Sept. 2, 1994), 6th Dist. No. H-93-24; State v. Roy (Oct. 12, 1995), 8th Dist. 67462; Statev. Houser (May 30, 1996), 8th Dist. No. 69639; State v.Fontanella (Dec. 17, 1999), 11th Dist. No. 98-P-0085; Mentor v.Molk (Apr. 14, 2000), 11th Dist. No. 98-L-263; State v.Sinclair, 2nd Dist. No. 2002-CA-33, 2003-Ohio-3246.
 {¶ 29} In the present case, although the state failed to timely hand over the bill of particulars, the state argues, and Crespo does not deny, that all the information that would be contained in the bill of particulars had already been handed over to Crespo in some other form, i.e., police reports, witness statements, and the indictment. Moreover, it is clear from the record that the state had already alleged in the indictment the identity of the alleged victim, when and where the alleged crime occurred, and the violation of the law that was alleged. Because the bill of particulars would not provide Crespo with any new information, there would be no unfair surprise and therefore, no prejudice. Crespo has failed to demonstrate he has been prejudiced in any way.
 {¶ 30} In light of the long line of precedent which clearly shows that the complete failure to ever file a bill of particulars would constitute harmless error if no prejudice were shown, I cannot now say that the failure to timely file a bill of particulars warrants a dismissal of the indictment in this case. The "sanction" is simply too harsh. Accordingly, the trial court abused its discretion by dismissing the indictment.
 {¶ 31} That is not to say that I condone the behavior of the prosecutor in this case. I agree with the Supreme Court's statement in Chinn that the denial of a timely request for a bill of particulars should never occur. I join in the trial court's apparent frustration with the prosecutor's repeated defiance of its orders, but the severity of the penalty is excessive. In order for the trial court to punish the prosecution for its indolence, some other form of punishment, like contempt would be much more appropriate in this situation.