[Cite as *State v. Blymiller*, 2013-Ohio-2494.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROBERT D. BLYMILLER | : | Case No. 2012CA00171 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2012CA00171

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 10, 2013

APPEARANCES:

For Plaintiff-Appellee:

JOHN D. FERRERO, JR.
STARK CO. PROSECUTOR
RENEE M. WATSON
110 Central Plaza South, Ste. 510
Canton, OH 44702-1413

For Defendant-Appellant:

BERNARD L. HUNT
2395 McGinty Road NW
North Canton, OH 44720

*Delaney, J.*

{¶1} Appellant Robert D. Blymiller appeals from the August 21, 2012 judgment entry of conviction and sentence of the Stark County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on February 15,[1] 2012 when Donald Cricks noticed a green pickup truck with "black bars on the side" parked across the street near an empty apartment at 215 Wertz Avenue N.W., Canton, Stark County, Ohio. Cricks knows the apartment's owner, Jim Fricker. Cricks watched as a man with long grey hair got out of the truck and went up to the door. Cricks then heard a "smash." Cricks looked for his camera to take pictures of what was happening but couldn't find it, and by the time he went outside the truck was pulling away. Cricks called the police.

{¶3} Cricks was surprised the next day, around 11:45 a.m., when the green truck returned. Cricks watched the green truck drop the same person off at the corner of Third Street and continue around the block. Again, the person went up onto the porch of 215 Wertz Avenue N.W. and tried to get in. This time Cricks was ready with his camera, and photographed the person as he walked down the sidewalk.

{¶4} Cricks testified that the man "butt[ed] the [basement] door in" and entered the apartment. Cricks saw him come back out shortly thereafter with copper

---

[1] At trial, this date was described as February 16 and no one questioned it, but Cricks described events on two consecutive days. Kevin Clary apparently took the police report on February 16, 2012, so the first day Cricks observed the green truck was February 15, 2012.

pipe in his hands, and Cricks took another picture. The green truck returned and picked up the grey-haired man carrying the copper.

{¶5} Cricks called the police again, made a police report, and turned over the photos he took.

{¶6} James Fricker, the owner of the rental property at 215 Wertz Avenue N.W., was summoned to the apartment while the police were there. He discovered that the basement door was splintered and a window was broken. Inside, copper was missing from the water heater. Fricker estimated the damage at $1200.00. He testified that he does not know appellant, Kenneth Barnes, or Christopher Reese and none of these men had permission to enter the apartment or to be on the property.

*The Investigation*

{¶7} Kevin Clary of the Canton Police Department took a report on the breaking and entering on Thursday, February 16, 2012. The suspects were no longer on the scene but Cricks had described the distinctive green truck with what he thought were black "bars" on the side. Cricks also saw four numbers on the license plate: 2217.

{¶8} Clary was back on duty a few days later, the next Sunday, February 19, 2012. He was on routine patrol on Schroyer S.W., Canton, when a green pickup truck with black bars on it passed right in front of his patrol car. The numbers on the plate were 2217. Clary performed a traffic stop and two occupants were in the vehicle: appellant (the driver) and his passenger Kenneth Barnes.

{¶9} Detective Jerry Fuelling followed up and interviewed appellant, who stated he picks up Kenneth Barnes periodically in his green truck, just as he picked

him up at 215 Wertz Avenue N.W. on February 16.  Appellant said Barnes called him to come pick him up, and appellant went to get him, along with a friend named Christopher Reese.  Appellant said Barnes came out to get into the truck, said he forgot something, "walked somewhere," came back and got in.  Upon questioning by Fuelling, appellant stated Barnes had copper pipe in his hands and "alluded to" the fact that Barnes claimed someone gave him the pipe as payment for something.

{¶10} Appellant told Fuelling they took the copper to FPT Scrap Metals in Canton.  When Fuelling checked receipts at FPT, he discovered Barnes brought in 42 pounds of copper between February 16 and February 17, 2012.

*Barnes' Account*

{¶11} Kenneth Barnes testified on behalf of appellee, having already been convicted of two counts of breaking and entering, including the offense at 215 Wertz Avenue N.W., but not yet sentenced.  Barnes also has a criminal record of prior felony and theft offenses.

{¶12} Barnes stated he was living with appellant on February 16, 2012, and they went about their ordinary routine of driving around looking for "abandoned houses" to take copper out of.  He stated they found the home on Wertz, appellant dropped him off, and he went in.  Barnes removed the copper, appellant picked him up, and they went to the scrapyard.  Barnes stated he split the proceeds evenly with appellant.  Barnes thought he and appellant were the only two occupants of the truck that day, but he couldn't remember for sure.  Upon cross-examination, Barnes stated Christopher Reese may have been with them.  Barnes said he was not promised anything by appellee in exchange for his testimony.

*The Defense Case*

{¶13} Christopher Reese was the only defense witness. He testified that he knows appellant and Kenneth Barnes, and was with appellant on February 16, 2012. In fact, Reese claimed he, too, lived with appellant at the time, but could not remember whether Barnes lived with them as well. Reese said it was common for he and appellant to pick up Barnes at various locations around the city where he would be staying temporarily, anytime they needed an extra person on their job site. Reese said that on February 16, Barnes came out of a house with copper in his hands. Reese said Barnes' dad is a plumber and he assumed his dad gave him the copper to scrap.

{¶14} Reese said he and appellant remained in the truck the entire time and had no idea the copper was stolen. Upon cross examination, Reese stated he wasn't really sure when these events occurred but it was around the "middle of the month."

*Indictment, Conviction, and Sentence*

{¶15} Appellant was charged by indictment with one count of breaking and entering pursuant to R.C. 2911.13(A) for the offense at 215 Wertz Avenue N.W.[2] He entered a plea of not guilty and the case proceeded to jury trial. Appellant moved for judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence and at the close of all of the evidence; the motions were overruled. Appellant was found guilty as charged and sentenced to 5 years of community control, which included a term of 180 days in the Stark County Jail.

---

[2] Appellee dismissed a second count of breaking and entering prior to trial.

{¶16} Appellant now appeals from the judgment entry of his conviction and sentence.

**ASSIGNMENT OF ERROR**

{¶17} Appellant raises one Assignment of Error:

{¶18} "I.  THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO GRANT APPELLANT'S CRIMINAL RULE 29, MOTION FOR ACQUITTAL, THE VERDICT WAS NOT SUFFICIENT, THUS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

I.

{¶19} Appellant argues his conviction upon one count of breaking and entering was against the manifest weight and sufficiency of the evidence.  We disagree.

{¶20} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶21} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶22} Appellant argues appellee failed to establish he assisted or encouraged Barnes in the theft of the copper. Appellant was convicted of one count of breaking and entering pursuant to R.C. 2911.13(A), which states in pertinent part, "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code." The jury was instructed upon the elements of aiding and abetting found in R.C. 2923.03 which provides in relevant part: "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense."

{¶23} Appellant argues there is no evidence in the record to establish he knew Barnes stole the copper. We disagree. A person's mere association with a principal offender is not enough to sustain a conviction based on aiding and abetting. *State v.*

*Sims*, 10 Ohio App.3d 56, 58, 460 N.E.2d 672 (8th Dist.1983). Generally, a criminal defendant has aided or abetted an offense if he has supported, assisted, encouraged, cooperated with, advised, or incited another person to commit the offense. See *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus; *State v. Hickman*, 5th Dist. No. 2003-CA-00408, 2004-Ohio-6760 at ¶ 45. "'Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.' " *State v. Mendoza*, 137 Ohio App.3d 336, 342, 738 N.E.2d 822 (3rd Dist.2000), quoting *State v. Stepp*, 117 Ohio App.3d 561, 568-569, 690 N.E.2d 1342 (4th Dist.1997); *State v. Myers*, 5th Dist. No. 03-CA61, 2004-Ohio-3052 at ¶ 116.

{¶24} Further, "[a]iding and abetting may also be established by overt acts of assistance such as driving a getaway car or serving as a lookout." *State v. Jackson*, 10th Dist. No. 03-AP273, 2003-Ohio-5946, ¶ 32, citing *State v. Cartellone*, 3 Ohio App.3d 145, 150, 444 N.E.2d 68 (8th Dist.1981).

{¶25} In this case, we find sufficient evidence of appellant's participation in criminal intent.  Not only did appellee present evidence that he dropped off Barnes twice at the house immediately prior to the break-ins and picked him up immediately thereafter, but evidence was also presented he shared in the proceeds of the theft at the scrap yard.

{¶26} Appellant argues that the testimony of Cricks and Barnes are unreliable, but determining the credibility of witnesses is within the province of the trier of fact. See *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.  Cricks' account was buttressed by the photographs he took, his accuracy in viewing the numbers on the license plate, and appellant's admissions that

he did in fact drive the green truck to 215 Wertz Avenue N.W. to pick up Barnes, as Cricks related. Whether Reese was present or not makes no difference to the operative facts, and the jury was free to believe or disbelieve his assertion that he and appellant didn't know the copper was stolen, just as it could do with Barnes' account.

{¶27} Upon our review of the record, we find appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Appellant, Barnes, and the green truck were seen at 215 Wertz on two consecutive days, with no permission to be there. Appellant admits he was there, and was observed by Cricks dropping Barnes off immediately before the break-in and picking him up immediately after. Then the two went to the scrapyard where, the evidence shows, Barnes sold the copper. Appellee presented evidence that Barnes shared those proceeds with appellant.

{¶28} Appellee presented sufficient evidence to prove appellant guilty of aiding and abetting the offense of breaking and entering. Nor has appellant shown the jury was influenced by any improper motivation or consideration such as passion, prejudice, or bias. Appellant's conviction, therefore, is not against the weight of the evidence.

**CONCLUSION**

{¶29} Appellant's sole assignment of error is overruled and the judgment of the

Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Baldwin, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN


PAD:kgb/pm5113