OPINION *Page 2 
{¶ 1} Defendant-appellant Martin M. Pariseau appeals from his conviction and sentence in the Licking County Court of Common Pleas on one count of Trafficking in Cocaine in the vicinity of a juvenile in violation of Ohio Revised Code § 2925.03(A)(1)(C)(4)(b), a felony of the fourth degree. The plaintiff appellee is the State of Ohio.
 STATEMENT OF THE CASE AND THE FACTS[1] {¶ 2} The Newark Police Department, through Officer Doug Bline recruited Melissa Golden to work as a confidential informant and to make controlled purchases of cocaine. Ms. Golden called the appellant and set up a drug deal. She then met detectives who searched her and drove her to the home of a co-defendant Robbie Rollison. Ms. Golden was fitted with audio recording equipment for purposes of making a controlled buy from appellant. The jury was able to hear the recording from Ms. Golden's body wire.
 {¶ 3} Ms. Golden admitted to receiving a reduction in the charges against her from a fourth degree felony to a first-degree misdemeanor in exchange for her work as an informant. Ms. Golden called appellant to see if she could arrange a buy from him on August 7, 2007 at Rollison's house. When she arrived, she handed the $50 buy money to appellant who in turn handed it to Rollison. Ms. Golden testified that Rollison's three children were present at the time of her buy, which was corroborated by the tape recording and the investigating officers. According to Ms. Golden, Rollison and another *Page 3 
man named "Jim" left the residence to obtain the crack cocaine. Appellant remained at his residence.
 {¶ 4} On August 21, 2007, appellant and Rollison were pulled over while driving and asked to come to the police station. Appellant and Rollison agreed to go to the police station and meet with Officer Bline.
 {¶ 5} Appellant was read his Miranda rights prior to being asked any questions. According to Officer Bline, appellant was not under arrest at this time and was free to leave the police station at anytime. This conversation was not recorded.
 {¶ 6} Officer Bline testified there was confusion between him and appellant about whether appellant understood he was being accused of trafficking in crack cocaine. Appellant did not initially comprehend that obtaining crack for someone in exchange for a piece of the crack obtained constituted trafficking in cocaine. However, he eventually admitted to taking some crack cocaine for himself.
 {¶ 7} At the conclusion of the jury trial, the trial court, over appellant's objections, instructed the jury on complicity. The jury returned a verdict of guilty. By Judgment Entry filed December 7, 2007 appellant was sentenced to 18 months incarceration. Appellant was also sentenced to three years of post-release control, ordered to pay the costs of prosecution and court costs.
 {¶ 8} Appellant timely appealed and submits the following assignment of error for our consideration:
 {¶ 9} "I. THE WEIGHT OF THE EVIDENCE DOES NOT PRODUCE A BELIEF OF GUILT." *Page 4 
 I. {¶ 10} Appellant asserts that his conviction for trafficking is against the manifest weight of the evidence. We disagree.
 {¶ 11} The Ohio Supreme Court recently addressed the standard of review for a criminal manifest weight and sufficiency of the evidence challenge, as follows:
 {¶ 12} "The criminal manifest-weight-of-the-evidence standard was explained in State v. Thompkins (1997), 78 Ohio St. 3d 380,678 N.E.2d 541. In Thompkins, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386,678 N.E. 2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386-387, 678 N.E. 2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387,678 N.E. 2d 541. `When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony.' Id. at 387,678 N.E.2d 541, citing Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 72 L.Ed.2d 652.
 {¶ 13} "Both C.E. Morris Co., 54 Ohio St. 2d 279, 8 O.O.3d 261,376 N.E.2d 578, and Thompkins instruct that the fact-finder should be afforded great deference. However, the standard in C.E. Morris Co. tends to merge the concepts of weight and *Page 5 
sufficiency. See State v. Maple (Apr. 2, 2002), 4th Dist. No. 01CA2605,2002 WL 507530, fn. 1; State v. Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66, 2001 WL 1098086. Thus, a judgment supported by "some competent, credible evidence going to all the essential elements of the case" must be affirmed. C.E. Morris Co. Conversely, underThompkins, even though there may be sufficient evidence to support a conviction, a reviewing court can still re-weigh the evidence and reverse a lower court's holdings. State v. Thompkins,78 Ohio St. 3d 380, 678 N.E.2d 541. Thus, the civil manifest-weight-of-the-evidence standard affords the lower court more deference then does the criminal standard. See Barkley v. Barkley (1997), 119 Ohio App. 3d 155, 159,694 N.E.2d 989." State v. Wilson, 713 Ohio St. 3d 382, 387-88,2007-Ohio-2202 at ¶ 25-26; 865 N.E. 2d 1264, 1269-1270.
 {¶ 14} However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, supra,78 Ohio St.3d at 387. (Quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 15} In State v. Thompkins, supra, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id. at paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from *Page 6 
a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id. at paragraph four of the syllabus; State v. Miller (2002), 96 Ohio St.3d 384,2002-Ohio-4931 at ¶ 38, 775 N.E.2d 498.
 {¶ 16} In the case at bar, the State charged appellant with trafficking in cocaine in the vicinity of a juvenile.
 {¶ 17} R.C. 2925.03(A) sets forth the essential elements of trafficking in drugs: "No person shall knowingly sell or offer to sell a controlled substance."
 {¶ 18} R.C. 2925.03(C) (4) (b) provides that:
 {¶ 19} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 20} "* * *
 {¶ 21} "(b) Except as otherwise provided in division (C)(4)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 22} The phrase "in the vicinity of a juvenile," is defined in R.C. 2925.01(BB) and states that: "[a]n offense is `committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the *Page 7 
offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense."
 {¶ 23} "Juvenile" means a person less than eighteen years of age. R.C. 2925.01(N).
 {¶ 24} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v.Huff (2001), 145 Ohio App. 3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v.McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v.Elliott (1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 25} In the case at bar, the jury was instructed on complicity over appellant's objection. (T. at 280; 282-283; 289-290). The complicity statute provides, in relevant part:
 {¶ 26} "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 27} "(1) * * *;
 {¶ 28} "(2) Aid or abet another in committing the offense;
 {¶ 29} "* * *
 {¶ 30} "(B) It is no defense to a charge under this section that no person with whom the accused was in complicity has been convicted as a principal offender. *Page 8 
 {¶ 31} "(C) No person shall be convicted of complicity under this section unless an offense is actually committed, but a person may be convicted of complicity in an attempt to commit an offense in violation of section 2923.02 of the Revised Code.
 {¶ 32} "* * *"
 {¶ 33} It is true that a person's mere association with a principle offender is not enough to sustain a conviction based on aiding and abetting. State v. Sims (1983), 10 Ohio App. 3d 56, 58, 460 N.E.2d 672,674-675. Generally, a criminal defendant has aided or abetted an offense if he has supported, assisted, encouraged, cooperated with, advised, or incited another person to commit the offense. See State v. Johnson
(2001), 93 Ohio St.3d 240, 754 N.E.2d 796, syllabus. "`Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.'" State v. Mendoza (2000),137 Ohio App.3d 336, 342, 738 N.E.2d 822, quoting State v. (1997),117 Ohio App.3d 561, 568-569, 690 N.E.2d1342.
 {¶ 34} Appellant argues that the evidence was insufficient to prove that he had participated in the drug transaction and further, that the informant was contradicted on several key facts including to whom she had given the purchase money and from whom she had received the drugs.
 {¶ 35} The jury was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest *Page 9 
weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v.Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.;State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citingState v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096.
 {¶ 36} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "`such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."' State v. Jenks (1991), 61 Ohio St.3d 259, 272,574 N.E.2d 492 at paragraph one of the syllabus. "`Circumstantial evidence and direct evidence inherently possess the same probative value [.]"' Jenks, 61 Ohio St .3d at paragraph one of the syllabus.
 {¶ 37} Furthermore, "`[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt."' Jenks,61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v.Lott (1990), 1 Ohio St.3d 160, 168, 555 N.E.2d 293, citing Hurt v.Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, 331,130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Lott,51 Ohio St.3d at 168, 555 N.E.2d 293, citing Hurt, 164 Ohio St. at 331,130 N.E.2d 820. *Page 10 
 {¶ 38} In the case at bar, the evidence was sufficient to establish appellant's participation in the sale of drugs.
 {¶ 39} The informant testified that she telephoned appellant to purchase drugs. (T. at 157-158). Upon her arrival at the residence, the informant handed appellant fifty dollars. (T. at 161). The children of Mr. Rollison, the co-defendant, were present. (Id.). The evidence established that the children were under the age of eighteen. (T. at 90; 162). The informant testified that appellant asked her the quantity of drugs that she would like to purchase. (T. at 163). This can be heard on the tape-recording of the transaction. (T. at 203). Appellant asked the informant if she was going to give him a portion of the drugs she was purchasing. (T. at 206 — 207). Appellant is heard asking for his piece of the drugs on the tape. (T. at 211). Appellant admitted that he had received drugs in exchange for helping to set up drug deals. (T. at 109; 110; 145; 149-150). However, because he did not receive money, appellant did not believe that he could be charged with selling or trafficking in drugs. (Id.).
 {¶ 40} Upon a careful review of the record and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest injustice when it found appellant guilty. See,State v. Ball (March 28, 2008), Licking App. No. 2006CA0162.
 {¶ 41} Accordingly, appellant's convictions and complicity to trafficking in cocaine ere not against the sufficiency or manifest weight of the evidence.
 {¶ 42} Appellant's sole assignment of error is overruled. *Page 11 
 {¶ 43} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Gwin, P.J., Wise, J., and Farmer, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed. Costs to appellant.
[1] The Court will rely substantially on the pertinent procedural facts as presented by the appellant, which the State, as stated in its Brief, generally accepts. *Page 1